UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD DAVID RUDY III, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | NO. 1:5-cv-01174 |
| WERNER ENTERPRISES, INC. and | § | |
| ABDOUL KADER SANFO, | § | |
| | § | **JURY DEMANDED** |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now into court, through undersigned counsel, comes Plaintiff, Richard David Rudy III, who respectfully file this Original Complaint and will show the Court as follows:

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a). Plaintiff, Richard David Rudy III, is a citizen of Idaho. Defendant Werner Enterprises, Inc. is a citizen of Nebraska and Defendant Abdoul Kader Sanfo is a citizen of Washington.

2. The amount in controversy exceeds $75,000.

3. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

### PARTIES

4. Plaintiff, RICHARD DAVID RUDY III, is an individual and citizen of Idaho. He may be reached through his attorneys at KHERKHER GARCIA, LLP.

5. Defendant, WERNER ENTERPRISES, INC., is a Nebraska corporation maintaining its principal place of business in Nebraska. This Defendant is authorized to do and

does substantial business in the State of Texas on a continuing and systematic basis. This Defendant may be served through its registered agent, Corporate Creations Network Inc. 5444 Westheimer Road, #1000, Houston, Texas 77056. ***Plaintiff requests a summons.***

6.  Defendant, ABDOUL KADER SANFO, is an individual and citizen of Washington. This Defendant may be served with process at 18915 Lipoma Avenue E, #A, Puyallup, Washington 98374 or wherever he may be found. ***Plaintiff requests a summons.***

## FACTS

7.  This case arises out of a motor vehicle collision that occurred on February 9, 2025 in Pecos County, Texas. Plaintiff was driving South on US 285. At the same time, Defendant Sanfo, while in the course and scope of his employment with Defendant Werner, was driving a tractor trailer heading North on US 285 when he failed to drive in a single lane, crossed into the southbound lane of travel and violently struck Plaintiff's tractor trailer.

8.  As a result of this incident, Plaintiff suffered severe personal injuries and has required medical treatment, which will continue for the indefinite future.

9.  The investigating officer who responded to the scene determined that Defendant Sanfo's actions were the sole contributing factor to the crash and issued him a citation for failing to drive in a single lane pursuant to Tex. Transp. Code § 545.060.

10. The collision occurred as a direct and proximate result of Defendants' negligence and Plaintiff was forced to incur substantial bodily injuries and damages.

## CAUSES OF ACTION AGAINST DEFENDANT, ABDOUL KADER SANFO

11. Plaintiff incorporates all other paragraphs by reference here fully.

12. Plaintiff would show that Defendant Sanfo was the driver of a commercial vehicle operated for profit. Defendant Sanfo had a duty to exercise the degree of care that a reasonably

careful person would use to avoid harm to others under circumstances similar to those described herein.

13. Plaintiff's injuries were proximately caused by Defendant Sanfo's negligent and careless disregard of this duty and is therefore liable to Plaintiff for negligence for the following non-exhaustive acts and/or omissions:

   a. Failing to maintain a proper lookout;

   b. Failing to maintain a single lane;

   c. Failing to maintain alertness;

   d. Failing to take evasive action;

   e. Failing to drive a safe speed for the conditions;

   f. Failing to apply brakes in a safe and timely manner;

   g. Driving while distracted by use of a handheld mobile device, or otherwise;

   h. Driving while fatigued;

   i. Failing to comply with the Texas Commercial Motor Vehicle Driver Handbook

   j. Violating Texas Transportation code § 545.060;

   k. Failing to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and

   l. Other acts of negligence and/or gross negligence, which will be established as the case progresses.

14. One, some, or all of the foregoing acts and/or omissions or others on this part of Defendant Sanfo's constituted negligence and such negligence was a proximate cause of the incident in question and Plaintiff's injuries and damages.

## CAUSES OF ACTION AGAINST DEFENDANT, WERNER ENTERPRISES, INC.

15. Plaintiff incorporates all other paragraphs by reference here fully.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Sanfo was within the course and scope of employment of, was engaged in the furtherance of the business of, was engaged in accomplishing a task for which he was employed by, and/or was a statutory employee of Defendant Werner Enterprises, Inc.

17. Therefore, under the doctrine of *respondeat superior*, Defendant Werner Enterprises, Inc. is vicariously liable to Plaintiff for Defendant Sanfo's negligent conduct, further outlined above and incorporated by reference here fully.

18. Furthermore, Defendant Werner Enterprises, Inc. owed a duty to Plaintiff to use ordinary care in hiring, training, supervising, and retaining Defendant Sanfo. Defendant Werner Enterprises, Inc. further owed a duty to Plaintiff to use ordinary care in entrusting the vehicle to Defendant Sanfo. Defendant Werner Enterprises, Inc. knew or should have known that Defendant Sanfo was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiff and others. Defendant Werner Enterprises, Inc. failed to use ordinary care in hiring, training, supervising, and retaining Defendant Sanfo and entrusting the vehicle to him. Defendant Werner Enterprises, Inc. committed an actionable tort by negligently operating the vehicle and proximately causing the collision in question, as further outlined above and incorporated by reference here fully.

19. Because Defendant Sanfo's negligence was the proximate cause of Plaintiff's damages, and Defendant Werner Enterprises, Inc. negligently hired, trained, supervised, retained, and entrusted him with the vehicle involved in the collision in question, Defendant Hi Werner Enterprises, Inc. is liable to Plaintiff.

**GROSS NEGLIGENCE AGAINST ALL DEFENDANTS**

20. Plaintiff incorporates all other paragraphs by reference here fully.

21. The acts and/or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

22. Plaintiff would further show that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

23. Plaintiff would further show that Defendant Werner Enterprises, Inc. ratified its agent's gross negligence and/or failed to repudiate its agent's gross negligence and/or was grossly negligent in hiring or entrusting the vehicle to an unfit agent.

24. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## DAMAGES

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Richard David Rudy III, has suffered severe injuries and incurred the following damages legally caused by Defendants:

   a. Physical pain and suffering in the past and future;

   b. Mental anguish in the past and future;

   c. Reasonable and necessary cost of medical care and treatment in the past and future;

   d. Physical impairment and disfigurement in the past and future;

    e.   Lost earning capacity in the past and future;

    f.   Pre-judgment and post-judgment interest; and

    g.   Exemplary damages.

26.    Plaintiff seeks monetary relief over $75,000.00.

## JURY TRIAL DEMAND

27.    Plaintiff hereby demands trial by jury of all issues here and hereby tenders the appropriate fee.

## PRAYER

For the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for Plaintiff and against Defendants for:

    a.   Actual damages above the jurisdictional minimum of the Court, further outlined above;

    b.   Pre-judgment and post-judgment interest at the maximum rate allowed by law;

    c.   All costs of court;

    d.   Exemplary damages; and

    e.   All other relief to which Plaintiff is justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

**Kherkher Garcia, LLP**

By: _/s/ Kevin Haynes_
Victoria R. Brown
State Bar No.: 24118679
Fed ID: 3556975
2925 Richmond Ave., Suite 1560
Houston, Texas 77098
Telephone: (713) 333-1030
Fax: (713) 333-1029
Email: vbrown@kherkhergarcia.com
**Attorney-in-Charge for Plaintiff**

**Of Counsel for Plaintiff:**

Steve Kherkher
State Bar No. 11375950
Fed ID: 12341
Jesus Garcia, Jr.
State Bar No. 24027389
Fed ID: 30623
Kevin C. Haynes
State Bar No. 24055639
Fed ID: 1286231
Hon. Mike Engelhart
State Bar No. 00793690
2925 Richmond Ave., Suite 1560
Houston, Texas 77098
Telephone: (713) 333-1030
Fax: (713) 333-1029
Service: SKherkher-Team@KherkherGarcia.com